IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-859-C |
| | ) | |
| JESSE WILLIAM SMITH, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

On May 15, 2006, Defendant, an active duty solider in the United States Army, filed a motion to stay the case based on a specific section of the Servicemembers Civil Relief Act. (Dkt. No. 26.)  The Court denied Defendant's request.  (Dkt. No. 27.)  On July 17, Defendant filed another motion, requesting that the Court stay the case or, alternatively, reconsider its order denying Defendant's prior request for a stay.  (Dkt. No. 28.)  Plaintiff has not responded, despite having ample time to do so.  See LCvR 7.2(f) (allowing 18 days to file a response).

In its prior order, the Court cited and analyzed 50 U.S.C. Appendix § 522, although Defendant had asserted his entitlement to a stay under § 521 of the same Act.  Section 521 provides for a stay of not less than 90 days, if a court determines that:

> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

50 U.S.C. Appendix § 521(d).  Section 521 relates to the protection of servicemembers against default judgments and "applies to any civil action or proceeding in which the defendant does not make an appearance."  50 U.S.C. Appendix § 521(a).

In contrast, § 522 relates to stays when a servicemember has notice of an action.  50 U.S.C. Appendix § 522(a); see also 50 U.S.C. Appendix § 521(f) ("If a servicemember who is a defendant in an action covered by this section receives actual notice of the action, the servicemember may request a stay of proceeding under section 202 [section 522 of this Appendix].")  The requirements for a § 522 stay, as discussed in the Court's prior order, are different than those for a § 521 stay.  See 50 U.S.C. Appendix § 522(b)(2).  The Court thus declined to enter a stay (under § 522) because "Defendant fail[ed] to explain how his current military duty requirements materially affect[ed] his ability to communicate or otherwise assist counsel in defending this suit, nor is there any statement from his commander supporting this application."  (Order at 2.)

Although Defendant maintains that he is entitled to a stay under § 521, it is not clear that that section applies.  Defendant was served on August 18, 2005.  (Dkt. No. 20.)  Moreover, based on counsel's Status Report (Dkt. No. 25) and prior motion, it appears that counsel has conferred with Defendant about this action.  Defendant filed an answer on July 17, 2006.  (Dkt. No. 29.)  As explained above, a servicemember who has appeared or has actual notice of an action may not avail himself of the protections provided for by § 521(d).  50 U.S.C. Appendix § 521(f); see also 50 U.S.C. Appendix § 522(e) (explaining that a servicemember whose request for a stay under § 522 may not seek the protections afforded by § 521).

Nevertheless, the Court finds that a limited stay is warranted.  Apart from any statutory provision, a stay may be entered in appropriate circumstances at the discretion of the Court.  See generally 1A C.J.S. Actions § 319 (2006); Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The

District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")  In this case, counsel has represented both that there may be a defense to this action and the defense cannot be presented without the presence of Defendant *and* that, after due diligence, counsel has been unable to determine if a meritorious defense exists.  (Def.'s Mot. at 1.)  These representations would satisfy the requirements for a stay under § 521(d), if applicable.  Moreover, Plaintiff has failed to object, on two occasions, to Defendant's request for a stay.  Therefore, the Court may presume that it has no objection and will suffer no prejudice as a result of a brief stay.  See LCvR 7.2(f) (giving the Court the discretion to deem confessed any motion that is not opposed within 18 days). Thus, this action will be stayed for 90 days.

Accordingly, Defendant's Supplement to Motion to Stay or, in the Alternative, Request to Reconsider (Dkt. No. 28) is GRANTED.  This action is hereby STAYED for 90 days from the date of this order.

IT IS SO ORDERED this 10th day of August, 2006.

ROBIN J. CAUTHRON
United States District Judge